IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 26, 2007

Charles R. Fulbruge III
Clerk

_____

No. 07-20322
Summary Calendar
_____

HOUSTON REFINING LP, formerly known
as LYONDELL-CITGO REFINING LP

Plaintiff-Appellee

v.

WORLD CAR CARRIERS, INC.

Defendant-Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
U.S. 4:06-CV-1152

_____

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This is an admiralty allision action for the recovery of costs incurred by
Plaintiff-Appellee Houston Refining LP ("Houston") as a result of damages
caused to its C-Dock structure when the M/V COSMO SPIRIT, a vehicle
carrier owned by Defendant-Appellant World Car Carriers, Inc. ("WCC")
allided with a barge that was moored to the C-Dock. The instant action
involved Houston's claims of reimbursement from WCC for the costs of
inspection and repair to Houston's C-Dock structure. On appeal, WCC
asserts reversible error by the district court in (1) admitting heresay evidence

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

of the costs of those inspections and repairs and (2) rendering judgment in favor of Houston in an amount determined in part by the contested evidence.

Inasmuch as both parties ventured that oral argument should be dispensed with in this appeal, we have considered it on the basis of their appellate briefs and the record on appeal. In so doing, we have applied the acknowledged standards of review applicable to the issues presented: abuse of discretion for the district court's evidentiary rulings and clear error for its factual determinations.

Based on our review of the record on appeal and the applicable law as explicated by counsel in their appellate briefs, we conclude that the district court committed no reversible error, viz., did not abuse its discretion in admitting the questioned evidence in the face of heresay objections or commit clear error in determining the amount of costs and expenses incurred by Houston in the inspection and repair of the damage caused to its facility by the instant allision. Specifically, we are not convinced that the district court failed properly to apply the rule of The Catherine or violated the heresay rule, given the provisions of Federal Rules of Evidence 803(6) and 807, when it admitted the contested evidence.

As a result, the rulings of the district court and its judgment are, in all respects,

AFFIRMED.